MIDLIGE RICHTER, LLC
645 Martinsville Road
Basking Ridge, New Jersey 07920
(908) 626-0622
James S. Richter

*Attorneys for Plaintiff,*
*Cambria Company LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ————————————————— x | |
| : | |
| CAMBRIA COMPANY LLC, : | Honorable |
| : | |
| Plaintiff, : | Civil Action No. |
| : | |
| v. : | |
| : | **COMPLAINT FOR PATENT** |
| OHM INTERNATIONAL INC., : | **INFRINGEMENT AND DEMAND FOR** |
| : | **JURY TRIAL** |
| Defendant. : | |
| : | |
| : | |
| : | |
| ————————————————— x | |

Plaintiff Cambria Company LLC ("Cambria" or "Plaintiff") brings this Complaint against

Defendant OHM International Inc. ("OHM" or "Defendant"), alleging as follows:

## NATURE OF ACTION

1.     Pursuant to Local Civil Rule 10.1, the address for the principal place of business

for Plaintiff and Defendant, is as follows:

> Cambria Company LLC
> 805 Enterprise Drive East, Suite H
> Belle Plaine, MN 56011
>
> OHM International Inc.
> 195 Prospect Plains Road
> Monroe Township, NJ 08831

1

2.      As alleged below, this is an action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271, based on Defendant's willful infringement of U.S. Patent Nos. 10,195,762 ("the '762 Patent"); 10,252,440 ("the '440 Patent"); and 12,370,718 ("the '718 Patent") (collectively, "the Asserted Patents") by the unauthorized manufacture, use, offer for sale, sale, and/or importation of Defendant's infringing products accused herein.

## THE PARTIES

3.      Plaintiff Cambria Company LLC is a limited liability company organized under the laws of Minnesota with its principal place of business located at 805 Enterprise Drive East, Suite H, Belle Plaine, Minnesota 56011.

4.      Defendant OHM International Inc. is a corporation organized under the laws of New Jersey with its principal place of business located at 195 Prospect Plains Rd., Monroe Township, New Jersey 08831.

## JURISDICTION AND VENUE

5.      This Complaint includes claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has general personal jurisdiction over OHM because OHM is engaged in substantial and not isolated activity within this judicial district. This Court has specific jurisdiction over OHM because OHM has committed acts giving rise to this action and has established more than minimum contacts within this judicial district, such that the exercise of jurisdiction over OHM in this Court would not offend traditional notions of fair play and substantial justice. OHM has also placed infringing products into the stream of commerce by shipping those products into New Jersey or knowing the products would be shipped there.

2

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because OHM is incorporated within, has its principal place of business within, and has committed acts of patent infringement within this judicial district.

## FACTUAL BACKGROUND

8.      Cambria is an industry leader in the design and manufacture of natural quartz surface products. Cambria's quartz surface products have a variety of uses in homes and businesses, including, but not limited to, countertops, floor tiles, vanities, fireplace surrounds, wet bars, and showers.

9.      Cambria earned its reputation as an industry leader through years of innovation and a steadfast commitment to high quality in the design and manufacture of its products. Cambria was the first and only U.S. producer of quartz surface products for many years.

10.      Quartz surface products have multiple performance benefits over other surface products. For example, quartz surfaces never have to be sealed, unlike granite, marble and other surfaces that require regular maintenance. Quartz surfaces are also scratch resistant and nonabsorbent, and they resist staining and do not harbor harmful bacteria.

11.      Cambria led the charge to grow the demand for quartz surface products by investing millions of dollars in research and development, which led to Cambria commercializing quartz product designs that have revolutionized the market.

12.      In 2014, Cambria changed the quartz countertop industry when it introduced its Coastal Collection with Cambria's new designs Galloway, Ellesmere, Langdon, Seagrove, and Summerhill. In 2016, Cambria introduced additional new designs in the Coastal Collection: Helmsley, Harlech, and Princetown, and in March 2017, Cambria added Beaumont and

Kelvingrove to Cambria's Coastal Collection. Cambria's Coastal Collection designs are among the Cambria products that embody and are made with the technology of the Asserted Patents.



**CAMBRIA'S ASSERTED PATENTS**

13.     The '762 Patent, titled "Processed Slabs, and Systems and Methods Related Thereto," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on February 5, 2019, and names Jon Louis Grzeskowiak, II and Martin E. Davis as the inventors. A true and correct copy of the '762 Patent is attached as **Exhibit A**. Cambria owns all substantial rights, titles, and interests in and to the '762 Patent, including the exclusive right and standing to bring suit with respect to any past, present, and future infringement. The assignment is recorded at the USPTO at Reel/Frame 51070/0811. The '762 Patent is valid, enforceable, and in full force and effect.

14.     The '440 Patent, titled "Processed Slabs, and Systems and Methods Related Thereto," was duly and legally issued by the USPTO on April 9, 2019, and names Jon Louis Grzeskowiak, II and Martin E. Davis as the inventors. A true and correct copy of the '440 Patent is attached as **Exhibit B**. Cambria owns all substantial rights, titles, and interests in and to the '440 Patent, including the exclusive right and standing to bring suit with respect to any past, present,

4

and future infringement. The assignment is recorded at the USPTO at Reel/Frame 40694/0752. The '440 Patent is valid, enforceable, and in full force and effect.

15.    The '718 Patent, titled "Processed Slabs, and Systems and Methods Related Thereto," was duly and legally issued by the USPTO on July 29, 2025, and names Jon Louis Grzeskowiak, II and Martin E. Davis as the inventors. A true and correct copy of the '718 Patent is attached as **Exhibit C**. Cambria owns all substantial rights, titles, and interests in and to the '718 Patent, including the exclusive right and standing to bring suit with respect to any past, present, and future infringement. The assignment is recorded at the USPTO at Reel/Frame 71123/0557. The '718 Patent is valid, enforceable, and in full force and effect.

16.    To the extent required by law, Cambria has complied with the marking requirements under 35 U.S.C. § 287 such that Cambria is entitled to collect past damages for infringement of the Asserted Patents. The '440 Patent recites only method claims, and thus marking is not required to recover past damages for infringement irrespective of marking or notice. Cambria makes and distributes quartz surface products that practice the Asserted Patents, and Cambria's practicing products have been marked with the Asserted Patent numbers.

## DEFENDANTS' ACTIVITIES

17.    Cambria's commercial success prompted competitors to copy its patented products. That is the case here. OHM makes, uses, imports, distributes, supplies, markets, offers for sale, and/or sells in this judicial district processed slabs that infringe the '762 Patent and the '718 Patent and that are made with a process that infringes the '440 Patent.

18.    On information and belief, OHM's infringing products include processed slabs sold at least under the "Valiant" brand name. Among other infringing products, a non-limiting example of OHM's infringing products is the processed slab marketed as the "Giselle" design (collectively

with other infringing products, the "Accused Products").[1] The Accused Products, including the non-limiting example shown below, meet the elements of one or more claims of each of the Asserted Patents, as described in the following paragraphs.

19.    The below image shows an exemplary Accused Product.



20.    Cambria has not authorized OHM to copy, reproduce, manufacture, duplicate, disseminate, distribute, import, sell, offer for sale, or display any processed slabs that embody and/or are produced with the technology claimed by the Asserted Patents.

21.    OHM is and has been aware of the Asserted Patents since at least the filing of this lawsuit, and has continued its unauthorized infringing activity despite this knowledge.

## COUNT I – INFRINGEMENT OF THE '762 PATENT

22.    Cambria incorporates by reference and realleges, as if fully set forth herein, paragraphs 1–21 of this Complaint.

---

[1] https://www.ohmintl.com/giselle/.

23.     As set forth in the exemplary and non-limiting claim chart attached as **Exhibit D**, Defendant infringes and/or has infringed, literally or under the doctrine of equivalents, at least claim 22 of the '762 Patent under 35 U.S.C. § 271(a) by importing, making, using, offering to sell, and/or selling the Accused Products without a license or permission from Cambria, including in this judicial district.

24.     On information and belief, Defendant currently actively induces and has induced infringement of the '762 Patent under 35 U.S.C. § 271(b) through, among other things, actively encouraging others to make, use, import, offer for sale, and/or sell in this judicial district and elsewhere in the United States the Accused Products.

25.     For example, Defendant actively promotes the sale, use, and importation of the Accused Products in marketing materials and web pages on its website,[2] and through its sales and distribution channels that encourage infringing sales, offers to sell, and importation of the Accused Products.

26.     Cambria has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is at least liable to Cambria in an amount that compensates Cambria for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

27.     Defendant's infringement of the '762 Patent has caused, and will continue to cause, Cambria to suffer substantial and irreparable harm unless Defendant is enjoined by this Court pursuant to 35 U.S.C. § 283.

---

[2]   *See, e.g.*,   https://www.ohmintl.com/giselle/   (web   page   for   Giselle   product); https://www.ohmintl.com/countertops/valiant-surfaces/ (web page marketing Valiant slabs).

28.     Since at least the filing of this Complaint, Defendant has been on notice of and had actual knowledge of the '762 Patent and its infringement thereof. Since obtaining knowledge of its infringing activities, Defendant has failed to cease its infringing activities.

29.     Defendant's infringement of the '762 Patent is, has been, and continues to be, willful, intentional, deliberate, and/or in conscious disregard of Cambria's rights. Defendant's willful infringement entitles Cambria to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II – INFRINGEMENT OF THE '440 PATENT

30.     Cambria incorporates by reference and realleges, as if fully set forth herein, paragraphs 1–29 of this Complaint.

31.     As set forth in the exemplary and non-limiting claim chart attached as **Exhibit E**, Defendant infringes and/or has infringed, literally or under the doctrine of equivalents, at least claim 14 of the '440 Patent by importing, making, using, offering to sell, and/or selling the Accused Products without a license or permission from Cambria, including in this judicial district. In violation of at least 35 U.S.C. §§ 271(a), 271(g), and 295(1)-(2), Defendant makes, imports, offers to sell, sells, and/or uses within the United States products which are made by the process patented in the '440 Patent. For the Accused Products that are imported into the United States, prior to such importation, the Accused Products are neither materially changed by subsequent processes, nor do they become a trivial and nonessential component of another product.

32.     On information and belief, Defendant currently actively induces and has induced infringement of the '440 Patent under 35 U.S.C. § 271(b) through, among other things, actively encouraging others to use, import, offer for sale, and/or sell in this judicial district and elsewhere in the United States the Accused Products.

8

33.     For example, as demonstrated above, Defendant actively promotes the sale, use, and importation of the Accused Products in marketing materials and web pages on its website, and through its sales and distribution channels that encourage infringing sales, offers to sell, and importation of the Accused Products.

34.     Cambria has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is at least liable to Cambria in an amount that compensates Cambria for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

35.     Defendant's infringement of the '440 Patent has caused, and will continue to cause, Cambria to suffer substantial and irreparable harm unless Defendant is enjoined by this Court pursuant to 35 U.S.C. § 283.

36.     Since at least the filing of this Complaint, Defendant has been on notice of and had actual knowledge of the '440 Patent and its infringement thereof. Since obtaining knowledge of its infringing activities, Defendant has failed to cease its infringing activities.

37.     Defendant's infringement of the '440 Patent is, has been, and continues to be, willful, intentional, deliberate, and/or in conscious disregard of Cambria's rights. Defendant's willful infringement entitles Cambria to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III – INFRINGEMENT OF THE '718 PATENT

38.     Cambria incorporates by reference and realleges, as if fully set forth herein, paragraphs 1–37 of this Complaint.

39.     As set forth in the exemplary and non-limiting claim chart attached as **Exhibit F**, Defendant infringes and/or has infringed, literally or under the doctrine of equivalents, at least

claims 1 and 9 of the '718 Patent under 35 U.S.C. § 271(a) by importing, making, using, offering to sell, and/or selling the Accused Products without a license or permission from Cambria, including in this judicial district.

40.     On information and belief, Defendant currently actively induces and has induced infringement of the '718 Patent under 35 U.S.C. § 271(b) through, among other things, actively encouraging others to make, use, import, offer for sale, and/or sell in this judicial district and elsewhere in the United States the Accused Products.

41.     For example, as demonstrated above, Defendant actively promotes the sale, use, and importation of the Accused Products in marketing materials and web pages on its website, and through its sales and distribution channels that encourage infringing sales, offers to sell, and importation of the Accused Products.

42.     Cambria has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is at least liable to Cambria in an amount that compensates Cambria for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

43.     Defendant's infringement of the '718 Patent has caused, and will continue to cause, Cambria to suffer substantial and irreparable harm unless Defendant is enjoined by this Court pursuant to 35 U.S.C. § 283.

44.     Since at least the filing of this Complaint, Defendant has been on notice of and had actual knowledge of the '718 Patent and its infringement thereof. Since obtaining knowledge of its infringing activities, Defendant has failed to cease its infringing activities.

45.     Defendant's infringement of the '718 Patent is, has been, and continues to be, willful, intentional, deliberate, and/or in conscious disregard of Cambria's rights. Defendant's

willful infringement entitles Cambria to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Cambria respectfully requests that this Court enter judgment for Cambria and against OHM, granting Cambria the following relief:

A.     A judgment that Defendant has infringed one or more claims of each of the above patents-in-suit;

B.     An award of damages pursuant to 35 U.S.C. § 284 adequate to compensate Cambria for Defendant's infringement and in no event less than a reasonable royalty, together with both pre- and post-judgment interest and costs as fixed by the Court from the first date of infringement of the patents-in-suit;

C.     A permanent injunction pursuant to 35 U.S.C. § 283 prohibiting further infringement of the patents-in-suit by Defendant;

D.     A judgment that Defendant's infringement has been willful and an award of increased damages as permitted under 35 U.S.C. § 284;

E.     A finding that this case is exceptional and an award of attorneys' fees and costs to Cambria as provided by 35 U.S.C. § 285 or as otherwise permitted by law; and

F.     Such other relief as this Court may deem proper and just.

MIDLIGE RICHTER LLC
*Attorneys for Plaintiff, Cambria Company LLC*

By:     *s/ James S. Richter*
        James S. Richter
        jrichter@midlige-richter.com

Dated: January 9, 2026

OF COUNSEL:

Robert T. Vlasis III *(pro hac vice forthcoming)*
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Email: rvlasis@winston.com

11

Eimeric Reig-Plessis *(pro hac vice forthcoming)*
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Email: ereigplessis@winston.com

# **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands trial by jury of all claims so triable.

MIDLIGE RICHTER LLC
*Attorneys for Plaintiff, Cambria Company LLC*

By:      *s/ James S. Richter*
         James S. Richter
         jrichter@midlige-richter.com

Dated: January 9, 2026

OF COUNSEL:

Robert T. Vlasis III *(pro hac vice forthcoming)*
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Email: rvlasis@winston.com

Eimeric Reig-Plessis *(pro hac vice forthcoming)*
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Email: ereigplessis@winston.com

## **<u>CERTIFICATION PURUSANT TO L. CIV. R. 201.1</u>**

Under Local Civil Rule 201.1, the undersigned counsel hereby certifies that to my knowledge, Plaintiff's Complaint seeks damages that exceed the sum of $150,000, exclusive of interest and costs and any claim for punitive damages, and seeks injunctive and other equitable relief, and therefore this action is not appropriate for compulsory arbitration.

         *s/ James S. Richter*
         James S. Richter

Dated: January 9, 2026

12

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, in addition to filing this Complaint, Cambria filed a Complaint for Patent Infringement with the U.S. International Trade Commission ("ITC"), asserting the same Asserted Patents. I hereby certify that the matter in controversy in the above-captioned action against OHM is otherwise not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

*s/ James S. Richter*
James S. Richter

Dated: January 9, 2026